

**Orrick, Herrington & Sutcliffe LLP**
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000

**orrick.com**

**Paul Fakler**

E pfakler@orrick.com
D +1 212 506 5187
F +1 212 506 5151

February 26, 2019

**VIA ECF**

Hon. Kimba M. Wood
United States District Judge
United States Court House
500 Pearl St.
Courtroom 26A
New York, NY 10007-1312

Re:   *Music Choice v. Claggett* - 1:18-cv-03739-KMW

Dear Judge Wood:

We represent Plaintiff Music Choice in the above-captioned matter. Music Choice respectfully submits this letter to advise the Court of developments in *Music Choice v. CRB*, *et. al*, No. 19-1011, filed in the Court of Appeals for the District of Columbia Circuit on January 18, 2019.

Music Choice filed the case before this Court, *Music Choice v. Claggett*, on April 27, 2018 in order to obtain judicial review of a final legal ruling issued by the Register of Copyrights and published in the Federal Register on December 15, 2017 (the "Register's Ruling"). The Register of Copyrights moved to dismiss, arguing that this Court lacks jurisdiction to review the Register's Ruling on the ground that the Ruling can only be reviewed in the D.C. Circuit. That motion has been fully briefed since September 10, 2018.

Subsequently, the Copyright Royalty Board issued its *Determination of Royalty Rates and Terms for Transmission of Sound Recordings by Satellite Radio and "Preexisting" Subscription Services (SDARS III)*, Docket No. 16-CRB-001 SR/PSSR (2018-2022) (the "Final Determination") and published that Final Determination in the Federal Register on December 19, 2018. In the Final Determination, the Copyright Royalty Board (a separate and independent federal agency) purported to apply the legal ruling contained in the Register's Ruling, without any independent


Hon. Kimba M. Wood
February 26, 2019
Page 2

legal analysis of that ruling, to the facts adduced at trial in the SDARS III royalty rate proceeding. Music Choice has now filed a Petition for Review in the D.C. Circuit of that Final Determination issued by the Copyright Royalty Board.

As set forth in more detail in its brief in opposition to the Register's motion to dismiss, Dkt. 33, and its prior letter to the Court, Dkt. 37, Music Choice believes that: 1) the Register's Ruling and the Final Determination are two distinct administrative actions taken by two separate and independent government agencies; 2) under the clear statutory framework specifically providing for judicial review of actions by the Register of Copyrights, jurisdiction over review of the earlier Register's Ruling is proper in the Southern District of New York; and 3) under the clear statutory framework providing a different procedure specifically for seeking review of determinations issued by the Copyright Royalty Board, jurisdiction over review of the Final Determination, but not the Register's Ruling, is proper in the D.C. Circuit.

However, given that the jurisdictional dispute in this case has yet to be finally resolved, Music Choice has followed the guidance of D.C. Circuit precedent by including the errors contained in the Register's Ruling in its Petition for Review in the D.C. Circuit, purely as a protective measure. *See Inv. Co. Inst. v. Bd. of Governors of Fed. Reserve Sys.*, 551 F.2d 1270, 1282 (D.C. Cir. 1977) (advising counsel to file timely petitions for review in both the court of appeals and district court where there is any doubt as to the appropriate forum for review); *Eagle-Picher Indus. v. EPA*, 759 F.2d 905, 912 (D.C. Cir. 1985) ("[W]e have previously admonished petitioners of the wisdom of filing protective petitions for review during the statutory period.").

In order to avoid the unnecessary waste of judicial resources, and also consistent with D.C. Circuit precedent, on February 20, 2019, Music Choice moved to hold the D.C. Circuit appeal in abeyance pending the final resolution of the Register's jurisdictional challenge in this case. *See, e.g., Basardh v. Gates*, 545 F.3d 1068, 1069 (D.C. Cir. 2008), *quoting Envtl. Def. Fund v. Reilly*, 909 F.2d 1497, 1507 (D.C. Cir.



Hon. Kimba M. Wood
February 26, 2019
Page 3

1990) (recognizing the "'longstanding policy of the law to avoid duplicative litigative activity.'") *Sickle v. Torres Advanced Enter. Sols.* LLC, 653 F. App'x 763, 764 (D.C. Cir. 2016) (holding appeal in abeyance pending final resolution of jurisdictional dispute in earlier-filed district court action).

Respectfully submitted,

/s/ Paul M. Fakler

Paul Fakler

cc: Stephen Cha-Kim
   David A. Handzo
   Emily Chapuis