USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/20/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MUSIC CHOICE,

                Plaintiff,

-against-

KARYN TEMPLE CLAGGETT, ACTING
REGISTER OF COPYRIGHTS AND
DIRECTOR OF THE U.S. COPYRIGHT
OFFICE,

                Defendant.
----------------------------------------------------------X

18-CV-3739 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

Plaintiff Music Choice ("Music Choice") seeks review of a ruling by Karyn Temple Claggett, the Acting Register of Copyrights (the "Register"), issued in connection with a statutory license ratemaking proceeding held before the Copyright Royalty Board (the "Board"). Because the ruling is subject to review solely under the statutory review procedure provided for by 17 U.S.C. § 803, which vests jurisdiction exclusively in the Court of Appeals for the D.C. Circuit, Music Choice's Complaint must be dismissed.

## BACKGROUND

### I. Statutory Background

The Digital Performance Right in Sound Recordings Act of 1995 ("DPRA"), Pub. L. No. 104–39, creates a right "in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission." 17 U.S.C. § 106(6).[1] This limited performance right entitles the owner of a sound recording to paid in the event that a digital

---

[1] The Copyright Act, as enacted in 1976, did not confer a performance right on sound recordings. Although the copyright owner of a musical work was granted the exclusive right to perform the work publicly, 17 U.S.C. § 106(4), the owner of the sound recording of that musical work had no such right. *See* 2 Nimmer on Copyright § 8.14 (2019).

version of his or her recording is publicly transmitted. *See id.*

Where a digital sound recording is transmitted to listeners pursuant to a subscription, such as "a cable system's transmission of a digital audio service . . . available only to the paying customers of the cable system," 2 Nimmer on Copyright § 8.22 (2019) (quoting H. Rep. (DPRA), p. 27; S. Rep. (DPRA), p. 36)), that transmission is subject to a mandatory statutory licensing scheme, *see* 17 U.S.C. § 114(d)(2); *id.* § 114(f). The rates applicable to statutory licenses may be determined by mutual agreement of the affected parties, or, absent agreement, by the Board. *Id.*

The Board consists of three Copyright Royalty Judges ("CRJs") appointed by the Librarian of Congress. *Id.* § 801; *see also Indep. Producers Grp. v. Library of Cong.*, 759 F.3d 100, 102 (D.C. Cir. 2014) (describing the appointment and duties of CRJs). A ratemaking proceeding before the Board is essentially a multi-party administrative trial: Any party with a "significant" interest in the proceeding may participate and may file written statements and proposed findings of fact and conclusions of law supporting their request for a particular rate. 17 U.S.C. § 803. CRJs "have full independence" in making decisions concerning rates, royalties, and petitions to participate in the proceedings before them. *Id.* § 802(f)(1)(A).

As a general matter, CRJs are permitted, but not required, to consult with the Register on "any matter other than a question of fact." *Id.* However, if "a novel material question of substantive law concerning an interpretation" of the Copyright Act arises during the proceeding, then the CRJs must request a "decision of the Register of Copyrights, in writing, to resolve such novel question." *Id.* § 802(f)(1)(B)(i). "A 'novel question of law' is a question of law that has not been determined in prior decisions, determinations, and rulings described in section 803(a)." *Id.* § 802(f)(1)(B)(ii). The Register must transmit her written ruling on the novel issue to the CRJs "within 30 days after the Register of Copyrights receives all of the briefs or comments of

the participants." *Id.* § 802(f)(1)(B)(i). So long as the "decision is timely delivered to the [CRJs]," the CRJs are required to "apply the legal determinations embodied in the decision of the Register of Copyrights in resolving material questions of substantive law." *Id.* The CRJs are also required to include the Register's written decision in the record that accompanies their final determination. *Id.*

## II. Factual Background

Music Choice, a New York City-based partnership, is a non-interactive digital music audio service that transmits audio channels to residential cable and satellite television subscribers as a component of the subscribers' television service packages. (Compl. ¶¶ 1, 5, 6.) It pays royalties for its audio channels under the Preexisting Subscription Service ("PSS") statutory license. (*Id.* ¶ 12 (citing 17 U.S.C. § 114(j)(11).)

The PSS royalty rate for the period 2018-2022 was litigated before the Board in Determination of Rates and Terms for Satellite Radio and "Preexisting" Subscription Services, No. 16-CRB-0001-SR/PSSR (2018-2022) (the "CRJ Proceeding" or "Proceeding"), which took place in April and May of 2017. (*Id.* ¶ 34.) Post-trial briefing in the CRJ Proceeding was completed in June of 2017. (*Id.* ¶ 35.)

Following the close of trial and the completion of post-trial briefing, the CRJs identified two novel questions of substantive copyright law concerning whether and how a PSS can transmit its channels over the internet while remaining within the scope of the PSS license. (*Id.* ¶ 36.) On October 5, 2017, the CRJs issued an order pursuant to 17 U.S.C. § 802(f)(1)(B), referring two questions of copyright law to the Register.

On November 29, 2017, the Register issued a ruling on the questions of law referred to her by the CRJs, which was published in the Federal Register on December 15, 2017 (the "Register's Ruling" or "Ruling"). (*See id.*, Ex. A.) Music Choice now seeks review of the

3

Register's Ruling under § 701(e) of the Copyright Act and § 702 of the Administrative Procedure Act ("APA").

## III. Procedural Background

On April 27, 2018, Music Choice filed the Complaint in this case. (ECF No. 1.)

On July 25, 2018, the Register filed a motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and a memorandum in support of that motion. (ECF Nos. 26, 27.)

On July 9, 2018, SoundExchange, Inc. ("SoundExchange") moved to intervene as a defendant pursuant to Federal Rule of Civil Procedure 24. (ECF No. 22.)

On August 24, 2018, Music Choice filed a memorandum in opposition ("Opp'n") to the Register's motion to dismiss the Complaint. (ECF No. 33.) On September 10, 2018, the Register filed a reply memorandum in further support of her motion. (ECF No. 35.)

On December 19, 2018, the Board issued its determination in the CRJ Proceeding, and published that determination in the Federal Register. *See Determination of Royalty Rates and Terms for Transmission of Sound Recordings by Satellite Radio and "Preexisting" Subscription Services (SDARS III)*, Docket No. 16-CRB-001 SR/PSSR (2018-2022) (the "Final Determination").

On January 9, 2019, this case was transferred to the undersigned.

On January 18, 2019, Music Choice filed a Petition for Review of the Final Determination in the Court of Appeals for the D.C. Circuit. (*See* ECF No. 39.)

On April 16, 2019, the Court of Appeals for the D.C. Circuit granted Music Choice's motion to hold the D.C. Circuit proceeding in abeyance until this Court resolves the jurisdictional dispute in this proceeding. (*See* ECF No. 41.)

## LEGAL STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction under [Federal Rule of Civil Procedure] 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

Generally, a litigant "may seek review of agency action in district court under any applicable jurisdictional grant." *Jarkesy v. SEC*, 803 F.3d 9, 15 (D.C. Cir. 2015). However, if a special statutory review scheme exists, "it is ordinarily supposed that Congress intended that procedure to be the exclusive means of obtaining judicial review in those cases to which it applies." *Id.* (quoting *City of Rochester v. Bond*, 603 F.2d 927, 931 (D.C. Cir. 1979)). This is the case if it (1) is "'fairly discernible' from the "text, structure, and purpose'" of the statutory scheme that Congress intended it "to preclude district court jurisdiction," *Tilton v. SEC*, 824 F.3d 276, 281 (2d Cir. 2016) (quoting *Elgin v. Dep't of Treasury*, 567 U.S. 1, 9–10 (2012); and (2) the litigant's claim is "of the type Congress intended to be reviewed within th[e] statutory structure, *id.* (quoting *Free Enter. Fund v. Pub. Co. Accounting Oversight Bd.*, 561 U.S. 477, 489 (2010)).

## DISCUSSION

The Register contends, relying on 17 U.S.C. § 803(d), that her Ruling may be challenged only on appeal from a determination by the CRJs, which must be brought in the Court of Appeals for the D.C. Circuit. Under 17 U.S.C. § 803(d):

> Any determination of the Copyright Royalty Judges . . . may, within 30 days after the publication of the determination in the Federal Register, be appealed, to the United States Court of Appeals for the District of Columbia Circuit, by any aggrieved participant in the proceeding . . . .

Music Choice argues that the Register's Ruling is "collateral[]" to the CRJ Proceeding, and therefore not subject to review under 17 U.S.C. § 803(d). According to Music Choice, the Ruling instead may be reviewed by this Court under 17 U.S.C. § 701(e), which provides, subject

5

to certain exceptions not relevant here, that "all actions taken by the Register of Copyrights under this title are subject to the provisions of the Administrative Procedure Act."

Music Choice is incorrect. As an initial matter, the Register's Ruling is reviewable under 17 U.S.C. § 803(d). Because the Ruling must be included in the record accompanying the CRJs' determination, and because the CRJs must apply the Ruling in reaching their determination, *id.* § 802(f)(1)(B), the appeal right provided for by 17 U.S.C. § 803(d) implicitly encompasses the right to seek review of the Ruling. Moreover, the Register's Ruling is not "collateral" to the scheme of administrative and judicial review prescribed by 17 U.S.C. §§ 802 and 803. The Ruling was an integral step in the CRJ Proceeding: It was made at the request of the CRJs; resolved questions of law at issue in the Proceeding; was made only after briefing by participants in the Proceeding; and is incorporated into the administrative record of the Proceeding. *Cf. Free Enter. Fund*, 561 U.S. at 491 (holding that a constitutional challenge to statutory restraints on the removal of members of the Public Company Accounting Oversight Board members, who were appointed by the SEC, was collateral to the statutory scheme governing judicial review of SEC actions).

Having established that the Register's Ruling is reviewable by the Court of Appeals for the D.C. Circuit under 17 U.S.C. § 803(d), it is clear that review of the Ruling is not available under § 701(e). If the Ruling were to be reviewable in this Court under 17 U.S.C. § 803(d) and § 701(e), then "the same [issue] [c]ould be subject to review by both the district courts and [the Court of Appeals for the D.C. Circuit] at the same time." *Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 174 (2d Cir. 2006). As the Second Circuit has explained, "[i]t is highly unlikely that Congress intended to create a scheme involving multiple avenues of review and potential contradictory results" because "[n]o evident policy goal would be served by such a scheme." *Id.* at 173.

In arguing to the contrary, Music Choice misapprehends 17 U.S.C. § 701(e). That provision, standing alone, does not confer jurisdiction on the district courts. *See Amusement & Music Operators Ass'n v. Copyright Royalty Tribunal*, 636 F.2d 531, 534 (D.C. Cir. 1980) (holding that the language "subject to the provisions of the Administrative Procedure Act" does not confer jurisdiction on the district court). In the event the district court has jurisdiction to review an action taken by the Register, that jurisdiction derives from the APA and the federal question statute, 28 U.S.C. § 1331, and not from 17 U.S.C. § 701(e).[2] It follows that, where APA-based review is displaced by a statute-specific review procedure, no jurisdiction lies in this Court, notwithstanding 17 U.S.C. § 701(e). *See Larson v. United States*, 888 F.3d 578, 587 (2d Cir. 2018) (holding that the court is "not permit[ted]... to employ APA-based jurisdiction where Congress has provided for review through a specific statutory procedure").

The decisions relied on by Music Choice as examples of district courts asserting APA-based jurisdiction to review actions by the Register do not support such review here. Each involved Register action which occurred outside the special statutory context of CRJ ratemaking proceedings. *See Ashton v. United States Copyright Office*, 310 F. Supp. 3d 149, 152 (D.D.C. 2018) (reviewing, under the APA, the Register's denial of an application for copyright registration); *Coach, Inc. v. Peters*, 386 F. Supp. 2d 495, 496 (S.D.N.Y. 2005) (same) (Sprizzo, J.); *Jon Woods Fashions, Inc. v. Curran*, No. 85 CIV. 3203 (MJL), 1988 WL 38585, at *1 (S.D.N.Y. Apr. 19, 1988) (Lowe, J.) (same); *see also Live365, Inc. v. Copyright Royalty Bd.*, 698 F. Supp. 2d 25, 29 (D.D.C. 2010) (considering a constitutional challenge to the appointment of CRJs); *Bonneville Int'l Corp. v. Peters*, 153 F. Supp. 2d 763, 765 (E.D. Pa. 2001), *aff'd*, 347 F.3d

---

[2] "Although the APA does not itself confer subject matter jurisdiction, the Federal Question Statute, 28 U.S.C. § 1331, confers jurisdiction over a suit that 'arises under' a 'right of action' created by the APA." *Sharkey v. Quarantillo*, 541 F.3d 75, 84 (2d Cir. 2008) (internal citations omitted).

7

485 (3d Cir. 2003) (reviewing, under the APA, a final rule issued by the Copyright Office after notice-and-comment rulemaking). The actions reviewed in those cases would not have ultimately been subject to review under 17 U.S.C. § 803(d), and so there was no contention that the assertion of APA-based jurisdiction by did not risk duplicative and contradictory results.

In sum, Congress's intent to preclude APA review of the Register's Ruling is "fairly discernible" from 17 U.S.C. §§ 802 and 803, and Music Choice's claim here falls squarely within "the type [of claim] Congress intended to be reviewed within th[e] statutory structure." *Tilton*, 824 F.3d at 281 (quoting *Free Enter. Fund*, 561 U.S. 477 at 489 (second alteration in *Free Enter. Fund*)). Because judicial review of the Register's Ruling is available exclusively in the Court of Appeals for the D.C. Circuit on appeal from the CRJs' Final Determination, Music Choice's Complaint must be dismissed for lack of subject matter jurisdiction.[3]

## CONCLUSION

The Register's motion to dismiss is GRANTED. (*See* ECF No. 22.) The Complaint is dismissed without prejudice. *See Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d eCir. 1999) ("[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice.").

Music Choice's request for oral argument is DENIED. (*See* ECF No. 26.)

Because the Complaint is dismissed, SoundExchange's motion to intervene is DENIED as moot.

---

[3] The Register also argues that her Ruling is not final agency action under § 704 of the APA and is thus not judicially reviewable under that provision. Because the Complaint must be dismissed for lack of subject matter jurisdiction, there is no need to reach this argument.

The Clerk of the Court is directed to close the docket entries at ECF Nos. 22, 26, and 34, and to enter judgment in accordance with this decision.

SO ORDERED.

Dated: New York, New York
May **20**, 2019

*/s/ Kimba M. Wood*
KIMBA M. WOOD
United States District Judge